# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CRIMINAL NO. 19-745 (PG) |
| | * | |
| RODIEL VAZQUEZ RIVERA, | * | |
| Defendant. | * | |
| _____ | * | |

## MOTION FOR DE NOVO BAIL REVIEW[1]

TO THE HONORABLE JUAN PEREZ GIMENEZ,
JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO.

**COMES NOW** defendant RODIEL VAZQUEZ RIVERA through the undersigned attorney, and very respectfully states and prays:

1.  On January 28, 2020, Magistrate Sylvia Carreño Coll entered an order of detention pending trial against Mr. Vazquez Rivera finding he had failed to rebut the presumption established pursuant to 18 U.S.C. § 3142(1).

2.  The court found there was clear and convincing evidence that no condition or combination of conditions of release that could reasonable assure the safety of the any other person or the community.

---

[1] The defendant has requested that counsel move for bail review.

3. The defendant sustains he did present sufficient evidence to rebut the presumption in this case, and submits the same for *de novo* review. Regarding Mr. Vazquez Rivera's background:

a. He has no prior criminal convictions or history of arrests or filing of charges.

b. He has a stable relationship in the community, Eva Nydia Lebron Cepeda, her father's former partner. Although this relationship was called into question, not all family relationships are by blood. The role of a stepparent is often as close or closer than that of a biological parent. Upon finding out about Mr. Vazquez Rivera's predicament, Ms. Lebron Cepeda found a place where she could live with the defendant, with space for both of the so that she could serve as a third party custodian and with facilities to install a telephone line. Ms. Lebron Cepeda is a contract worker with CLARO Telefonía.

c. Mr. Vazquez has been employed as a truck driver, car washer, landscaper, handyman, house maintenance worker and has held steady employment with Federal Express and UPS.  At the time of the arrest he was doing odd jobs. Ms. Lebron Cepeda would assist him to obtain employment.

3. Mr. Vazquez Rivera did not resist arrest, attempt to flee or otherwise obstruct justice in this case.

4.      Although Mr. Vazquez Rivera admitted to drug use of Cannabis and Xanax, only cannabis was reported in the urinalysis report. Cannabis use can be managed through treatment with the probation office.

5.      The government directed the Magistrate Judge's attention to the discrepancy between the name of the parents, given by the defendant during his pretrial interview, and the name in the birth certificate. The explanation is simple, Mr. Vazquez Rivera's parents were not his biological parents but the persons who raised them and had legal custody of him when he was a child. Those were the persons that he named as his parents.

6.      Mr. Vazquez Rivera is a good neighbor that assists the elderly with their shores.

7.      At the time of the arrest he was respectful and followed instructions, which support his contention that he can follow the rules while on bond.

8.      Finally, the medical doctor at MDC Guaynabo has informed the defendant that he has two heart murmurs that are cause for concern and for which he must get treatment.

9.      Mr. Vazquez Rivera has rebutted the risk of flight presumption and submits he rebutted the presumption that he is a danger to the community.

10.     The government bears the burden of showing dangerousness by clear and convincing evidence. The First Circuit Court of Appeals has recognized other

instances of violence or prior record for violence as clear and convincing evidence of dangerousness. *United States v. Bayko*, 774 F.2d 516 (1st Cir. 1985). In this case there is no evidence of Mr. Vazquez Rivera ever having been involved in a crime of violence other than the alleged in the indictment.

11. The government bears the burden of showing dangerousness by clear and convincing evidence that no conditions may be imposed to assure the safety of the community. *United States v. Coonan*, 826 F.2d 1180 (2d Cir. 1987) The mere fact that a defendant is charged with a crime of violence does not satisfy the clear and convincing evidence standard. *United states v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985).

12. Rivera Colon respectfully requests this Honorable Court to allow him an opportunity to present evidence in a de novo hearing on the matter of detention, *United States v. Tortora*, 922 F.2d 880 (1990).

FOR THE ABOVE STATED REASONS Defendant Rodiel Vazquez Rivera respectfully requests the district court to review de novo the Magistrate Judge's determination to detain him without bail, and that a hearing be set for that purpose.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 30th day of January 2020.

*S/Laura Maldonado Rodriguez*
LAURA MALDONADO RODRIGUEZ
USDC-PR 205701

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this MOTION was filed through the CM/ECF system and served on all designated parties.

In San Juan, Puerto Rico this 30th day of January 2020.

*S/ Laura Maldonado Rodriguez*
LAURA MALDONADO RODRIGUEZ
USDC-PR 205701
lmr7771@aol.com
P. O. BOX 11533
SAN JUAN, P. R. 00922-1533
T. 787-413-7771